UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20885-Cr-SCOLA

UNITED STATES OF AMERICA

vs.

JAMES MATHURIN,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE*

Defendant, James Mathurin, asks this Court to prohibit the Government from introducing the former trial testimony of prosecution witness at Mathurin's upcoming retrial. (Motion *In Limine*, ECF No. 41.) Mathurin was previously tried and convicted of many of the same offenses that is now facing. In his first trial, Detective Lawrence J. Bennett, of the Miami Dade Police Department, testified against Mathurin. The Eleventh Circuit Court of Appeals vacated Mathurin's convictions on speedy trial grounds. Following the case being remanded, the United States filed a new indictment and Mathurin is now proceeding to a second trial. In the interim, Detective Bennett passed away due to natural causes. The Government has announced its intent to introduce Detective Bennett's former testimony against Mathurin at his second trial.

The Sixth Amendment to the Constitution and the Federal Rules of Evidence govern the admission of former testimony from an unavailable witness. "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "When testimonial evidence is presented against a defendant at trial, the Sixth Amendment right of confrontation cannot be denied unless the witness is unavailable and the defendant had a prior opportunity to cross-examine him." *United States v. Chau*, 426 F.3d 1318, 1321 (11th Cir. 2005) (citing *Crawford v. Washington,* 541 U.S. 36, 68 (2004)). Beyond merely having had a prior opportunity to cross-examine a witness, the defendant must have had a similar motive as he or she would have at trial to develop the witness's testimony. *United States v. Santos*, 481 F. App'x 574, 576 (11th Cir. 2012). This inquiry depends on the "similarly of the underlying issues on and on the context of the questioning." *United States v. Miles*, 290 F.3d 1341, 1353 (11th Cir. 2002). Where a defendant is retried on essentially the same charges, the prosecution may introduce a witness's testimony from the first trial if the witness is unavailable for the retrial. *Id.* After a person's death he or she is unavailable to testify at trial. Fed. R. Evid. 804(a)(4).

Mathurin's arguments to exclude Detective Bennett's former testimony are not persuasive. Mathurin reasons that he would be prejudiced if Detective Bennett's former testimony were

admitted since he would not be able to ask the Detective about a conversation with a victim regarding a photo lineup, and because he would not be able to try to impeach the Detective based on certain prior statements. But in "virtually all subsequent proceedings, examiners will be able to suggest lines of questioning that were not pursued at a prior proceeding." *United States v. DiNapoli*, 8 F.3d 909, 914 (2d Cir. 1993). The fact that these alternative lines of questioning exist is not determinative in resolving the ultimate question of whether the defendant had a prior opportunity, and similar motive, to cross-examine the unavailable witness. *Miles*, 290 F.3d at 1353 (citing *DiNapoli*, 8 F.3d at 914).

Mathurin had a prior opportunity and similar motive to cross examine Detective Bennett. At his first trial, Mathurin cross examined the Detective about the circumstances surrounding Mathurin's decision to waive his *Miranda* rights and his subsequent interview. (Resp. 3, ECF No. 91.) He was also cross examined about how a photographic lineup was prepared and about a victim's description of her carjacker. (*Id.*) Although Mathurin was acquitted on a few charges in his first trial, he now faces essentially the same charges in his retrial. His motive to cross examine Detective Bennett at his first trial is *identical* to his motive in his retrial.

Having considered the motion, the record, and the relevant legal authorities, and for the reasons explained above, it is **ORDERED** that the Defendant's Motion in Limine (ECF No. 41) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 9, 2013.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE